IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CARLOS GONZALEZ MORALES, HILDA RODRIGUEZ FORTEZA,<br><br>Plaintiff,<br>v.<br><br>UBS BANK USA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING SHORT FORM DISCOVERY MOTION TO COMPEL ATTENDANCE AT DEPOSITIONS<br><br>Case No. 2:14-cv-00888-JNP-BCW<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Brooke Wells |

Defendant UBS Bank USA (UBS) moves to compel Plaintiffs Carlos Gonzalez Morales and Hilda Rodriguez Forteza to attend noticed depositions.[1] Expedited treatment of the motion is also requested.

UBS initially noticed Plaintiffs' dispositions for April 20 and 21, in Salt Lake City. UBS claims it has "made every effort to coordinate with Plaintiffs, providing three weeks' notice, offering three different locations and offering a choice of ten dates."[2] UBS argues Plaintiffs inability to attend depositions arises from their desire to not attend depositions before the "evidentiary hearing scheduled to begin on May 15, 2017 in the FINRA[3] arbitration they are pursuing against other UBS entities."[4] UBS offers no authority for its position that Plaintiffs should be compelled to appear for depositions prior to the arbitration.

---

[1] Docket no. 96.

[2] Mtn p. 2.

[3] FINRA stands for Financial Industry Regulatory Authority.

[4] *Id.*

In contrast, Plaintiffs argue the notices of deposition were sent without prior consultation.[5] Further, it would be "unreasonable, unfair and prejudicial to require Plaintiffs to appear before the FINRA arbitration concludes."[6] Thus, Plaintiffs suggest this court not require them to appear for depositions until after July when the FINRA hearing has concluded. Plaintiffs suggest an extension for deadlines in this case of ninety days to help Defendant deal with the delayed depositions. Plaintiffs point to no case law in support of their arguments but they do provide an excerpt from the FINRA manual stating that depositions are "strongly discouraged in arbitration."[7]

Upon review of the history of this case it appears Defendant unilaterally scheduled depositions and then tried to force cooperation by offering dates convenient to its desires. Not only is it unwise to unilaterally schedule depositions and then try to force cooperation by offering dates convenient to only one party, such a practice goes against the spirit and intent of the rules of professionalism and civility.

Local Rule 83-1.1 provides:

> **(g) Rules of Professional Conduct and Standards of Professionalism and Civility.** All attorneys practicing before this court, whether admitted as members of the bar of this court, admitted pro hac vice, appearing under 28 U.S.C. § 517, or otherwise as ordered by this court, are governed by and must comply with the rules of practice adopted by this court, and unless otherwise provided by these rules, with the Utah Rules of Professional Conduct, as revised and amended and as interpreted by this court. The court adopts the Utah Standards of Professionalism and Civility to guide attorney conduct in cases and proceedings in this court.[8]

Rule 15 of the Utah Standards of Professionalism and Civility states:

---

[5] *See* op. p. 2, docket no. 2.

[6] Op. p. 3.

[7] Op. ex. B.

[8] UT R USDCT CIV DUCivR 83-1.1.

> Lawyers shall endeavor to consult with other counsel so that depositions, hearings, and conferences are scheduled at mutually convenient times. Lawyers shall never request a scheduling change for tactical or unfair purpose. If a scheduling change becomes necessary, lawyers shall notify other counsel and the court immediately. If other counsel requires a scheduling change, lawyers shall cooperate in making any reasonable adjustments.[9]

The parties are urged by the court to adhere to the standards of professionalism and civility. Both parties have implied or overtly suggested that their "opponent has acted with improper motives, or not in good faith."[10] Such suggestions and arguments do little to advance one's position.

The rules used in a FINRA arbitration provide that depositions are generally not permitted.[11] The FINRA manual provides: "Depositions are strongly discouraged in arbitration. Upon motion of a party, the panel may permit depositions, but only under very limited circumstances, . . . ."[12] Although the instant matter is not a FINRA arbitration the court finds no basis to go against this preference and compel depositions before the arbitration hearing. The court will deny the Motion to Compel. In accordance with the Utah Standards of Professionalism and Civility the court will also order the parties to meet and confer regarding dates for the depositions and any need for an extension of deadlines in this case.

ORDER

The Motion to Compel Attendance at Depositions is DENIED.

---

[9] Utah Standards of Professionalism and Civility 15 (emphasis added) (available at https://www.utcourts.gov/courts/sup/civility.htm) (last accessed April 24, 2017).

[10] *Smith v. Elva Grp., LLC*, No. 2015 WL 2384037, at *4 (D. Utah May 19, 2015).

[11] *See* FINRA Manual § 12510 Depositions (available at http://finra.complinet.com/en/display/display_main.html?rbid=2403&element_id=4164 ) (last accessed April 25, 2017).

[12] *Id.*

IT IS FURTHER ORDERED that the parties are to meet and confer regarding dates for the depositions to occur and any need of an extension to the deadlines in this matter.

Finally, the parties are ORDERED to abide by the Utah Standards of Professionalism and Civility.

IT IS SO ORDERED.


DATED this 25 April 2017.


Brooke C. Wells
United States Magistrate Judge